OPINION
Defendant-appellant, Jeffrey D. Eberle, appeals the judgment of the Butler County Court of Common Pleas sentencing him to six years in prison for felonious assault.
On January 18, 1998 around 3:00 a.m., appellant and his friend, Steven R. Cole, assaulted Christopher Jason Kindinger, a minority student at Miami University. Appellant and Cole randomly selected Kindinger as the victim of their crime, apparently on the basis of his race. The assailants beat Kindinger over the head with an axe handle and kicked him while he lay on the ground. After their crime, Cole and appellant celebrated with a "high five" and remarked "we took that one out" and "that nigger's down." Kindinger's injuries from the attack required reconstructive surgery.
Appellant was indicted on one count of felonious assault, to which he pled guilty. The trial court sentenced appellant to six years in prison. Appellant appeals from his sentence and raises two assignments of error for review.
 Assignment of Error No. 1: THE SENTENCING COURT ERRED BY ORDERING THE DEFENDANT-APPELLANT TO SERVE SIX YEARS IN PRISON FOR A SECOND DEGREE FELONY WHEN HE HAD NEVER BEFORE SERVED TIME IN PRISON.
 Assignment of Error No. 2: THE SENTENCING COURT ERRED BY ORDERING IMPOSING A PERIOD OF FIVE YEARS POST-RELEASE CONTROL FOR A SECOND DEGREE FELONY.
In his first assignment of error, appellant challenges the trial court's decision to order him to serve more than the minimum prison term for felonious assault.
An appellate court may not disturb an imposed sentence unless it finds by clear and convincing evidence that the sentence is not supported by the record or is contrary to law. R.C. 2953.08(G)(1). Clear and convincing evidence is that evidence "which will provide in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." Cross v. Ledford (1954), 161 Ohio St. 469, paragraph three of the syllabus. The applicable record to be examined by a reviewing court includes the following: (1) the presentence investigative report; (2) the trial court record in the case in which the sentence was imposed; and (3) any oral or written statements made to or by the court at the sentencing hearing at which the sentenced was imposed. R.C.2953.08(F)(1)-(3). The sentence imposed upon the offender should be consistent with the overriding purposes of felony sentencing: "to protect the public from future crime by the offender" and "to punish the offender." R.C. 2929.11(A). An appellate court may vacate and remand for resentencing, increase, reduce or otherwise modify a felony sentence that is not supported by the record or is contrary to law. R.C. 2953.08(G)(2).
The trial court must impose the minimum term for an offender who, like appellant, has not previously served a prison term unless it finds on the record either that a minimum sentence would demean the seriousness of the offender's conduct or would not adequately protect the public from future crime by the offender or others. R.C. 2929.14(B). When a court imposes a prison term greater than the minimum, it does not need to specify its underlying reasons on the record. State v. Edmonson (1999),86 Ohio St.3d 324, syllabus. Rather, it is sufficient that the record reflects that the court engaged in the statutory analysis and found either or both of the R.C. 2929.14(B) exceptions warranted a sentence greater than the minimum.
The trial court convicted appellant of felonious assault in violation of R.C. 2903.11(A)(1). Felonious assault is classified as a felony of the second degree. R.C. 2903.11(B). The possible prison term for each count of a felony of the second degree is two, three, four, five, six, seven, or eight years. R.C. 2929.14(A)(2). The trial court specifically found in its judgment entry sentencing appellant "that the shortest prison term will demean the seriousness of the defendant's conduct" and "the shortest prison term will not adequately protect the public from future crime by the defendant or others." The trial court made the same findings on the record at the sentencing hearing and, although not required to do so, provided supporting reasons for its decision. During the sentencing hearing, the trial court remarked:
 I get shudders thinking about how close this Mr. Kindinger came to dying in this case. And what are whatever sentence I give you isn't gonna [sic] compare to the life sentence you imposed on Jason Kindinger. He's gonna [sic] wear an iron plate in his face for the rest of his life. And he's gonna [sic] spend the rest of his life dealing with the trauma that you two imposed on him for absolutely no reason.
 That could've been any person's son in this courtroom walking down the street that night, and you two would've decided to go attack him. * * *
 To give you a minimum sentence would demean the seriousness of this offense. It would tell the world that there is a small price to pay to attack somebody * * * The underlying issue is the fact that you two decided for the fun of it, you'd beat somebody senseless. * * *
 My sentence is gonna [sic] impact the community if it is anything different than taking this matter to be as serious as it was.
The record reflects that the court engaged in the necessary statutory analysis and found appellant's crime warranted a sentence greater than the minimum. The trial court's decision to sentence appellant to a term greater than the minimum prison term is supported by the record and is not contrary to law. Appellant's first assignment of error is overruled.
In his second assignment of error, appellant argues that the trial court erred by sentencing him to a five-year period of post-release control.
Post-release control is a "period of supervision by the adult parole authority after a prisoner's release from imprisonment that includes one or more post-release control sanctions" imposed in accordance with R.C.2967.28. R.C. 2967.01(N). "Pursuant to R.C. 2967.28(B) and (C), a trial court must inform the defendant at sentencing or at the time of a plea hearing that post-release control is part of the defendant's sentence."Woods v. Telb (2000), 89 Ohio St.3d 504, paragraph two of the syllabus. The terms of post-release control are actually part of the judicially imposed sentence, even though the Parole Board has significant discretion to impose conditions of release designed to protect the public and promote successful reintegration into the community. Telb at 508, 512.
The trial court sentenced appellant to six years in prison for committing felonious assault, a second-degree felony. Pursuant to R.C.2967.28(B), each sentence for a first, second or third-degree felony that is not a sex offense, but an offense where the offender caused or threatened to cause physical harm to a person, must include a requirement of post-release control after release from imprisonment. For a felony of the second degree, the period of post-release control is three years. R.C. 2967.28(B)(2).
At the plea hearing, sentencing hearing and in the court's judgment entry of conviction, the trial court incorrectly indicated to appellant that appellant would be on post-release control for a period of five years.[1] However, the plea agreement that appellant signed correctly notified appellant that he would be subject to post-release control for three years. Although the trial court technically fulfilled its obligation of notifying appellant that post-release control is part of his sentence, the trial court provided inconsistent and inaccurate information regarding its duration. Since the period of post-release control is part of the judicially imposed sentence, it follows that the trial court must correctly notify the offender of the maximum duration of post-release control that is part of his sentence. To the extent that the trial court failed to notify appellant that he would be subject to a mandatory period of three years of post-release control, the sentence is contrary to law.[2] Appellant's second assignment of error is sustained in part.
Accordingly, pursuant to R.C. 2953.08(G)(2), this court hereby modifies the trial court's judgment entry to reflect that appellant will be subject to three years of mandatory post-release control upon completion of his term of imprisonment.
Judgment affirmed as modified.
YOUNG and WALSH, JJ., concur.
[1] 1. The trial court's judgment of conviction entry states that the court notified appellant "that post release control is mandatory up to a maximum of five years * * *."
[2] 2. Appellant also argues that trial court erred using the following language in its judgment of conviction entry:
 The defendant is ordered to serve as part of this sentence any term of post[-]release control imposed by the Parole Board, and any prison term for violation of that post[-] release control.
Appellant maintains that the trial court is attempting to "prophylactically" sentence him in case he commits a crime while on post-release control. Taken in context, the trial court's statement is an acknowledgement that the Parole Board has broad discretion in determining the conditions of post-release control and the sanctions for violating them, which may include imprisonment. See R.C. 2967.28.(D)-(F). We do not read the trial court's statement as an attempt to impose a sentence for an uncommitted crime.